**NAGLE, Commissioner of Immigration, v. WON BING JUNG.**

Circuit Court of Appeals, Ninth Circuit. October 24, 1927.

No. 5107.

Aliens ⬤═⇒28—Contradictory statements by returning Chinese laborer, seeking to excuse failure to return within year fixed in return certificate, held to justify exclusion (Chinese Exclusion Act 1888, § 7 [8 USCA § 277]).

Contradictory statements made in application for overtime certificate and on hearing before immigration authorities by returning Chinese laborer, who had been granted laborer's return certificate under Chinese Exclusion Act 1888, § 7 (8 USCA § 277) as to reasons for delaying his return to United States beyond the year's absence permitted by the return certificate, *held* to authorize finding that he was not unavoidably delayed beyond such period, and denial of readmission will not be disturbed by court in habeas corpus proceeding.

Appeal from the District Court of the United States for the Southern Division of the Northern District of California; Adolphus F. St. Sure, Judge.

Habeas corpus proceeding by Won Bing Jung against John D. Nagle, as Commissioner of Immigration at the Port of San Francisco, Cal. From an order discharging petitioner, the Commissioner appeals. Reversed, with directions.

Geo. J. Hatfield, U. S. Atty., and T. J. Sheridan, Asst. U. S. Atty., both of San Francisco, Cal., for appellant.

George A. McGowan, of San Francisco, Cal., for appellee.

Before HUNT, RUDKIN, and DIE-TRICH, Circuit Judges.

HUNT, Circuit Judge. The Commissioner of Immigration has appealed from an order of the District Court discharging Won Bing Jung in habeas corpus proceedings.

The petitioner set forth that he arrived at San Francisco on October 20, 1926, applied for readmission as a returning Chinese laborer holding a laborer's return certificate; that while in China he remained over a period of one year within which he should have returned to the United States, and procured an overtime certificate extending the time of his return for a period of a second year from the date of his departure; and that he returned within the second year period of one year, but that he was denied the right of readmission and was ordered to return to China. It is alleged that the action of the authorities was in excess of the power committed to them. Petitioner sets forth the substance of section 7, Act Sept. 13, 1888 (25 Stat. 476 [8 USCA § 277]), and avers that disrupted traveling conditions in China made it practically impossible for him to reach Hong Kong without the greatest risk to life and limb, but that these grounds were not considered as a disability beyond the control of petitioner.

The immigration records were made a part of the petition. General demurrer was filed and overruled. The Commissioner of Immigration filed a return; hearing was had, and testimony was introduced. Thereafter petitioner was discharged. In many respects the case is like that of Toy Young Quen, 22 F.(2d) 18 and was heard by the District Court at the same time.

Petitioner was first admitted to the United States as the minor son of a merchant. He departed for China on February 7, 1925, holding a laborer's return certificate issued October 30, 1924. This petitioner, however, upon his return to San Francisco October 20, 1926, stated to a Board of Special Inquiry that he did not return within the year prescribed by law because he was unable to make any connections with Hong Kong, due to unsettled conditions in China, and was forced to delay his return; that that was the sole reason for the delay; that he was given an overtime certificate by the American consul at Hong Kong, for the reason he had just offered; that he never was sick a day in China, and never had received medical treatment there. But in another part of his examination before the board he said that he had not told the truth when he said he had been delayed in returning purely by reason of unsettled conditions, yet that thereafter he had testified truly when he said that he told the consul that he had been delayed by unsettled conditions. The board then told petitioner that there was in the file a statement by the American consul at Hong Kong to the effect that petitioner applied for an overtime certificate, stating that he was prevented from returning before February 7, 1926, because of hernia, and that the doctor had examined him and reported no sign of hernia; that his statement to the consul had been considered untrue, and therefore his request for overtime certificate was denied; that there was nothing in his statement to the consul to the effect that he was prevented from returning by unsettled conditions. Applicant was then asked, "What have you to say to that?" He replied, "The consular office made a mistake."

According to the record, when petitioner appeared before the American consul at Hong Kong on September 13, 1926, he said he had been unable to return by reason of disability beyond his control, illness—hernia, as described by his own and other affidavits attached. There was no mention in any of the several affidavits of any difficulty in traveling because of unsettled conditions in China. At the direction of the consul at Hong Kong, petitioner submitted to an examination by a physician of the United States Public Health Service, who reported that his examination was negative, and that in his opinion the petitioner was able to travel.

After considering all the evidence, the Board of Special Inquiry was not satisfied that applicant was unavoidably detained beyond the period prescribed by law, and denied him entry. A Board of Review also reached the conclusion that applicant's claim that he was unavoidably prevented from returning within the time limit of his laborer's return certificate was false. The Secretary of Labor approved the finding.

In the light of the contradictory statements made by petitioner the court will not disturb the well-supported finding of the executive authorities. For error in overruling the demurrer, the judgment is reversed, with directions to deny the writ of habeas corpus.